**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DERRICK DOVER,** *et al.*, | Civ. No. 2:12-cv-03785 (WJM) |
| Plaintiffs, | |
| v. | **OPINION** |
| **RESORT COMPANIES, INC,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Derrick Dover and Shirley Hagans-Dover bring this personal injury action against Resort Companies, Inc., Massanutten Resort, Great Eastern Resort Corporation of Massanutten, and Great Eastern Resort Management at Massanutten (collectively "Defendants"). This matter comes before the Court on Defendants' motion to dismiss for improper venue, lack of personal jurisdiction, and insufficient service of process. In the alternative, Defendants move to have the case transferred to the Western District of Virginia. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**, and the case is transferred to the Western District of Virginia.

Plaintiffs are individuals who are residents of the State of New Jersey. Compl. ¶ 1. Defendants are corporations that are residents of the State of Virginia. Compl. ¶¶ 2-5. The allegations in the Complaint are thin, but it appears that Plaintiffs rented a time share in Rockingham, Virginia, and at some point, Derrick Dover fell and sustained an injury on the property. Compl. ¶¶ 8, 10F. The Complaint does not explain how Defendants are connected to the time share property.[1]

Defendants move to dismiss for improper venue, lack of personal jurisdiction, and insufficient service of process. In the alternative, Defendants move to have the case transferred to the Western District of Virginia. Because the Court determines that venue is improper in the District of New Jersey and proper in the Western District of Virginia,

---

[1] Indeed, in Defendants' reply brief, Defendants note that Eagle Trace Owners' Association, Inc., the corporate entity that actually owns the property, is not named as a defendant.

1

the Court will grant Defendants' motion to transfer the case. The Court does not reach the issues of personal jurisdiction and service of process.

Under 28 U.S.C. § 1391(b), a civil action may be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Venue is not proper in this District for numerous reasons. First, under 28 U.S.C. § 1391(b)(1), venue is proper only in the Western District of Virginia, as all of the Defendants are residents of Virginia. Second, under 28 U.S.C. § 1391(b)(2), venue is proper only in the Western District of Virginia, as the only event giving rise to the claim — Derrick Dover's alleged slip and fall — occurred in Rockingham, Virginia. Third, under 28 U.S.C. § 1391(b)(2), venue is proper only in the Western District of Virginia, as the property that is the subject of the action is situated in Rockingham, Virginia. Thus, venue is proper in the Western District of Virginia and improper in this District.

Plaintiffs argue that venue is proper in this District because they were "enticed, in New Jersey, by defendant to vacation at its resort." Pl.'s Opp. Br. at 1, ECF No. 12. In support of this argument, Plaintiffs attach a copy of a brochure sent by a company called "RCI" to someone named Sharon Brown. *See* Pl.'s Ex. E, ECF No. 12-1. Plaintiff's argument is entirely unpersuasive, as (1) none of the named Defendants are identified or included in the brochure, (2) there is no apparent connection between RCI and any of the named Defendants, (3) Plaintiff offers no explanation as to who Sharon Brown is, and (4) in any event, none of this information impacts the venue analysis.

For the reasons stated above, venue lies in the Western District of Virginia. Defendants' motion to transfer the case is **GRANTED**, and this action will be transferred to the United States District Court for the Western District of Virginia. *See* 28 U.S.C. § 1406(a). An appropriate order follows.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 6, 2013**